UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON FKA BANK OF NEW YORK AS TRUSTEE FOR AMERICAN HOME MORTGAGE INVESTMENT TRUST 2004-4 MORTGAGE-BACKED NOTES, SERIES 2004-4, *et al.*,<br><br>Defendants. | Case No. 2:16-cv-01339-RFB-GWF<br><br>ORDER<br><br>Defendants' Motion for Summary Judgment [ECF No. 40]<br><br>Plaintiff's Motion for Judgment on the Pleadings [ECF No. 47] |

## I. INTRODUCTION

Before the Court is a Motion for Summary Judgment filed by Defendants the Bank of New York Mellon FKA Bank of New York as Trustee for American Home Mortgage Investment Trust 2004-4 Mortgage Backed Notes, Series 2004-4 ("BNYM"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Ocwen Loan Servicing, LLC ("Ocwen") (collectively, "Defendants"). ECF No. 40. Also before the Court is Plaintiff Anthony Coleman's ("Plaintiff") Motion for Judgment on the Pleadings. ECF No. 47.

## II. PROCEDURAL BACKGROUND

Plaintiff has alleged various causes of action including: (a) declaratory relief regarding promissory note and deed of trust; (b) fraud and deceit; (c) promissory estoppel; (d) violation of New York's Deceptive Trade Practices Act; (e) violation of Nevada's business and professional code; (f) violation of the Fair Debt Collection Practices Act; and (g) statutorily defective closure. For all of these claims, Plaintiff essentially requests that the Court declare the Deed of Trust to be

1  void and declare that the Defendants had and have no authority to foreclose on the real property at
2  issue in this litigation. Plaintiff further requests that the Court enjoin Defendants from pursuing
3  further foreclosure proceedings against the property at issue.

4  Plaintiff sued Defendants on June 15, 2016. Plaintiff also filed a Notice of *Lis Pendens* on
5  June 15, 2016. Plaintiff filed a First Amended Complaint on August 22, 2017. Defendants filed
6  the pending Motion for Summary Judgment on October 10, 2017. Defendants incorporate three
7  Requests for Judicial Notice, which were filed at ECF No. 9, 15, and 45. Plaintiff filed a motion
8  for Judgment on the Pleadings on August 24, 2018. The Court held a hearing on the Motion for
9  Summary Judgment on August 28, 2018.

### III. FACTUAL BACKGROUND

The Court finds the following facts to be undisputed. This matter involves a property located at 6136 Benchmark Way, North Las Vegas, Nevada, 89031 (the "Property").[1] In October 2004, Plaintiff executed a promissory note in the principal amount of $311,250.00 (the "Note"). The Note was payable to non-party American Home Mortgage Acceptance, Inc. ("AHMAI"). The Note was secured by a first Deed of Trust, which was recorded against the Property on October 26, 2004. The Deed of Trust designated MERS—acting solely as nominee for AHMAI and its successors and assigns—as the beneficiary and Fidelity National Title ("Fidelity") as the trustee. Plaintiff later defaulted on the Note.

AHMSI Default Services, Inc. ("AHMSI Default") was substituted into the Deed of Trust as the new trustee on September 2, 2008, evidenced by the Substitution of Trustee recorded on September 24, 2008. After Plaintiff defaulted on the Note, AHMSI Default caused a Notice of Default and Election to Sell (the "2008 Notice of Default") to be recorded on September 2, 2008.

---

[1] Federal Rule of Evidence 201(b) allows courts to judicially notice adjudicative facts that cannot be reasonably disputed, meaning facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." These facts include "documents on file in federal or state courts," Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012), as well as documents of public record, Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). The Court takes judicial notice of the documents filed in other courts and the documents on public record in this matter, which are referenced in the Factual Background section herein and filed at ECF Nos. 9, 15, and 45.

MERS then assigned the beneficial interests under the Deed of Trust to American Home Mortgage Servicing, Inc. ("AHMSI") on September 25, 2008. On December 4, 2008, AHMSI Default caused a Notice of Trustee Sale ("2008 Notice of Sale") to be recorded.

The Property was, however, not sold pursuant to the 2008 Notice of Default and 2008 Notice of Sale because Plaintiff filed for bankruptcy on December 22, 2008. Plaintiff specifically filed a voluntary petition under Chapter 7 of the Bankruptcy Code, thereby initiating Case No. 08-25333 in the United States Bankruptcy Court, District of Nevada (the "Bankruptcy Action"). In the Bankruptcy Action, Plaintiff listed the Property as an asset of his estate, noting that his current interest in the Property was valued at $0 and that there was a secured claim of $396,603.47 belonging to AHMSI. He further indicated that there were no "[o]ther contingent and unliquidated claims of every nature, including . . . counterclaims of the debtor[.]" On January 1, 2009, Homeward Residential, Inc. ("Homeward"), as the loan servicer at the time, filed a Motion for Relief from the Stay in the Bankruptcy Action to permit foreclosure to proceed. Plaintiff did not file any opposition. On February 13, 2009, the Bankruptcy Court entered an Order Terminating the Automatic Stay, allowing the foreclosure to proceed.

Plaintiff and Homeward attempted to engage in discussions regarding foreclosure alternatives from about February 2009 to March 2011. During this time, an Assignment of the Deed of Trust from AHMSI to the BNYM was recorded against the Property on December 4, 2009.

When the discussions regarding foreclosure alternatives failed, AHMSI Default (now known as Power Default Services, Inc.) caused a second Notice of Trustee's Sale ("2011 Notice of Sale") to be recorded on March 28, 2011. BNYM purchased the Property at a public auction on April 20, 2011. On August 18, 2014, AHMSI Default caused a Notice of Rescission of Notice of Default and Election to Sell Under Deed of Trust to be recorded against the Property, rescinding the 2008 Notice of Default.

On February 3, 2016, a Substitution of Trustee was recorded against the Property in which Western Progressive-Nevada, Inc. was named as the substitute trustee under the Deed of Trust by BNYM. On March 11, 2016, a Notice of Default and Election to Sell Real Property was recorded

against the Property by Western Progressive-Nevada, Inc. as trustee for the beneficiary. On June 2, 2016, a Certificate from the State of Nevada Foreclosure Mediation Program was recorded against the Property, stating: "The Beneficiary may proceed with the foreclosure process." On July 18, 2016, a Notice of Trustee's Sale ("2016 Notice of Sale") was recorded against the Property. No foreclosure sale of the Property has taken place since the recording of the 2016 Notice of Sale.

## IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the non-moving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

## V. DISCUSSION

Plaintiff brought this suit seeking an order declaring Defendants had no authority to foreclose on the Property. Defendants move for summary judgment, which the Court grants on two bases: judicial estoppel and lack of standing. The Court addresses each bases in turn below.

### A. Judicial Estoppel

The Court first considers the doctrine of judicial estoppel. "Judicial estoppel is an equitable

doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001). Courts "invoke[] judicial estoppel not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings, and to protect against a litigant playing fast and loose with the courts." Id. (internal quotation marks omitted). There are three factors courts consider in determining whether to apply judicial estoppel: (1) the party's later position must be "clearly inconsistent" with its earlier position; (2) the party has succeeded in persuading a court to accept that party's earlier position so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled[;]" and (3) the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. Id. at 782–83 (quoting New Hampshire v. Maine, 532 U.S. 742 (2001)).

"This court has restricted the application of judicial estoppel to cases where the court relied on, or accepted, the party's previous inconsistent position." Id. at 783. The application of judicial estoppel is not limited to bar the assertion of inconsistent positions in the same litigation, but is also appropriate to bar litigants from making incompatible statements in two different cases. Id. "In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements. Hay v. First Interstate Bank of Kalispell, N.A., 978 F.2d 555, 557 (9th Cir.1992) (failure to give notice of a potential cause of action in bankruptcy schedules and disclosure statements estops the debtor from prosecuting that cause of action).

The Court finds that Plaintiff is judicially estopped from asserting a dispute as to BNYM's interest in the Property and from asserting his own alleged interest in the Property due to Plaintiff's failure to assert the dispute or his interest in his Bankruptcy Action. Plaintiff's position of asserting a claim regarding the interest of the Property is clearly inconsistent with his earlier claim that he had no interest in the Property and with his failure to assert the claims in this lawsuit in his

Bankruptcy Action. Based upon these assertions and his non-opposition to the bankruptcy motion to remove the Property from the estate for the purpose of foreclosure, the Bankruptcy Court removed the Property from the estate and allowed the foreclosure to proceed. If Plaintiff were allowed to proceed on his theories in this matter, Plaintiff would potentially be allowed to retain the Property even though he had disclaimed an interest in the Property in the Bankruptcy Action and failed to assert any claims against the Defendants in these proceedings. This would afford Plaintiff an unfair advantage. Thus, the elements of judicial estoppel have been met. The Court grants Defendants' Motion for Summary Judgment accordingly as to all of Plaintiff's claims.

### B. Standing

The Court also grants Defendants' Motion for Summary Judgment based on Plaintiff's lack of standing to challenge the legality of the assignments of the Deed of Trust. Plaintiff challenges the legality of the assignments of the Deed of Trust, arguing that the assignments occurred after the closing date of the trust related to this matter. His argument relies on the pooling and servicing agreement between certain Defendants and also non-parties, an agreement to which Plaintiff was not a party. When a plaintiff homeowner "is neither a party to nor an intended beneficiary of [a pooling and servicing agreement], the homeowner lacks standing to contest the assignment's validity." Wood v. Germann, 331 P.3d 859, 862 (Nev. 2014). Here, Plaintiff is neither a party nor an alleged intended beneficiary under the pooling and servicing agreement entered into between certain Defendants and also non-parties. Thus, Plaintiff lacks standing to challenge the assignments of the Deed of Trust. As Plaintiff's claims all arise from his assertion that the assignments regarding the Deed of Trust are void, the Court grants summary judgment on all of Plaintiff's claims in favor of Defendants accordingly.

### VI. CONCLUSION

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 40) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judgment on the Pleadings (ECF No. 47) is DENIED as moot.

**IT IS FURTHER ORDERED** that the Clerk of the Court is instructed to close this case.

**DATED:** September 13, 2018.

 _____
 **RICHARD F. BOULWARE, II**
 **UNITED STATES DISTRICT JUDGE**